FILED
2009 Jun-16 PM 02:10
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

| | |
|---|---|
| CITIZENS STATE BANK, ] | |
| ] | |
| Plaintiff, ] | |
| ] | |
| vs. ] | 6:08-CV-00799-LSC |
| ] | |
| STATE FARM LIFE INS. CO., ] | |
| ] | |
| Defendant. ] | |

## MEMORANDUM OF OPINION

This case came before the Court for a trial without a jury on June 10, 2009, on the forgery issue presented in the parties' pleadings for declaratory judgment regarding the ownership of the proceeds of State Farm Life Insurance Policy LF-1192-2041. Citizens State Bank ("Citizens") claims those funds pursuant to a Collateral Assignment executed by Terry J. McGee ("Terry McGee") in return for a series of loans. Bill McGee and Betty McGee, beneficiaries to LF-1192-2041, assert that Terry McGee's signature on the Collateral Assignment is a forgery. They claim the proceeds of LF-1192-2041 pursuant to a beneficiary designation dated November 7, 2005.

The Court, having heard the testimony of the witnesses, received and reviewed all of the evidence, including the stipulations, and having heard the arguments of the parties, makes the following findings of fact and conclusions of law:

### Findings of Fact

1. On or about December 27, 1991, State Farm Life Insurance Company ("State Farm") issued a Life Insurance policy numbered LF-1192-2041 ("the Policy" or "LF-1192-2041") to Terry McGee.

2. Under the terms of the Policy, State Farm agreed to pay $500,000.00 to Terry McGee's designees upon his death.

3. Beginning in April 2000, Citizens made a series of four loans to Terry McGee. In return, Terry McGee executed promissory notes for each loan in favor of Citizens. Among other terms, the promissory notes provided that Terry McGee would pay back the full amount of the loan with a specified rate of interest. The promissory notes also provided that Citizens was entitled to all attorneys' fees and other costs incurred in any legal action to collect on the notes.

4. With regard to the final loan, Citizens Board of Directors and loan committee agreed to lend Terry McGee up to $250,000.00, provided he execute a Collateral Assignment of a $500,000 life insurance policy to Citizens as collateral.

5. On or about December 1, 2000, State Farm Agent Charles A. Davis, III ("Davis"), prepared a Collateral Assignment ("the Assignment") in favor of Citizens on the $500,0000 death benefits of LF-1192-2041.  In preparing the Assignment, Davis filled out a pre-printed form provided by State Farm.

6. Under the terms of the Assignment, Citizens obtained "[t]he sole right to collect from the Insurer the net proceeds of the Policy when it becomes a claim by death or maturity. . . ."

7. On or about December 1, 2000, Terry McGee duly executed the Assignment at Davis's office in Vernon, Alabama.  The execution was witnessed by Davis and his wife, Sharon Davis.

8. On or about December 4, 2000, Terry McGee acknowledged his signature on the Assignment dated December 1, 2000, to Jan Ray

("Ray"), a duly authorized notary public in and for the County of Lamar, State of Alabama.

9. Ray instructed Terry McGee to re-sign his name on the Assignment. Terry McGee subsequently signed "T.J. McGee" at an angle above the signature line on the original copy of the Assignment. The original copy of the Assignment has the word "ORIGINAL" on the top, right-hand corner of the document.

10. Both Ray and Eddie Collins ("Collins"), president of Citizens, witnessed Terry McGee re-sign the Assignment. Terry McGee was personally known to both Ray and Collins.

11. At the time Terry McGee re-signed his name on the Assignment, the mechanism used to create the copy of the Assignment labeled "DUPLICATE" on the top, right-hand corner had been removed.

12. After Terry McGee acknowledged his signature on the Assignment and re-signed his name on the original, Ray duly and properly notarized the Assignment.

13. The "ORIGINAL" and "DUPLICATE" copies of the Assignment were sent to State Farm. Both were stamped received on December 18, 2000.

14. On January 18, 2001, Doug Ross recorded and filed the Assignment for State Farm and returned the original to Citizens.

15. Terry McGee defaulted on the loans issued by Citizens and the loans remain unpaid.

16. On or about November 7, 2005, State Farm received a change in beneficiary designation naming Bill McGee and Betty McGee as the primary beneficiaries of the policy, subject to any assignment.

17. On or about November 23, 2006, Terry McGee died.

118. On or about May 11, 2007, Bill and Betty McGee filed suit against Citizens in the Circuit Court of Jefferson County, seeking a declaration that Terry McGee's signature on the Assignment was forged and that they were entitled to the proceeds of LF-1192-2041. The case was transferred to Lamar County Circuit Court.

19. Citizens filed the above-entitled cause against State Farm, seeking the proceeds of the Policy and asserting a bad faith claim. State Farm then brought Bill and Betty McGee into the case, and Bill and Betty McGee subsequently filed their claims to the proceeds of the Policy.

20. Citizens also filed a claim in the Probate Court of Jefferson County-Bessemer Division against the Estate of Terry McGee for all amounts still owned on Citizens' loans.  In January 2009, Bill and Betty McGee filed an objection to Citizens' claim in the Probate Court of Jefferson County.  The Probate Court of Jefferson County held a hearing on Bill and Betty McGee's objection on March 10, 2009.  The Court has not issued a ruling based on that objection.

21. To date, neither Citizens nor Bill McGee and Betty McGee have received the proceeds of LF-1192-2041.  On or about July 22, 2008, State Farm deposited the proceeds of LF-1192-2041 into the registry of this Court.

## Conclusions

1. Citizens has the burden to show that Terry McGee agreed to assign it the benefits of State Farm life insurance policy LF-1192-2041.  *See Auerbach v. Pritchett*, 58 Ala. 451 (1877).

2. Terry McGee executed the Assignment in the presence of Charles Davis and his wife.  Terry McGee then acknowledged his signature on the

Assignment to Jan Ray, a notary public, and re-signed his name on the Assignment in the presence of Ray and Eddie Collins.

3. Bill and Betty McGee have failed to impeach the notary acknowledgment by clear and convincing evidence. *See, e.g., Lukes v. Ala. Power Co.*, 60 So. 2d 349, 352-53 (Ala. 1952). In fact, Bill and Betty McGee have failed to show, even by a preponderance of the evidence, that Terry McGee's signatures on the Assignment were forgeries.

4. Moreover, even if the burden were on Citizens to show that the signatures on the Assignment were genuine, the Court holds that Citizens has, in fact, established that Terry McGee authored the signatures on the Assignment.

5. Citizens has shown by a preponderance of the evidence that Terry McGee assigned the proceeds of LF-1192-2041 as collateral to Citizens. The Court will enter a separate order in accordance with this opinion. Done this <u>16th</u> day of <u>June 2009</u>.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
139297